IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID A., on behalf of Shanna A.,[1]

        Plaintiff,

  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

No. 6:17-cv-00941-YY

OPINION AND ORDER

MOSMAN, J.,

On January 7, 2019, Magistrate Judge Youlee Yim You issued her Findings and Recommendation (F&R) [31], recommending that the Commissioner's decision be reversed and this case remanded for the immediate payment of benefits. Neither party filed objections to the F&R. For the reasons below, I adopt Judge You's F&R in part and REMAND for further proceedings.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case. Where applicable, this opinion uses the same designation for the nongovernmental party's immediate family members.

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

David A. brings this action as successor to his deceased wife Shanna A. Shanna A. filed a claim for Disability Insurance Benefits (DIB) in 2015, alleging a disability onset date of October 2010. She was last insured for DIB in December 2010. After two hearings, an ALJ determined that Shanna A. did not have an impairment that significantly limited her ability to perform work-related activities prior to her date last insured. Therefore, the Commissioner denied Shanna A.'s claim for DIB.

Shanna A. was diagnosed with Stage IV ovarian cancer in 2012, although one doctor theorized that the cancer had metastasized in her lungs in October 2010. F&R [31] at 14–15. This diagnosis was made by using the size of the metastases in 2012 and assumed rates of cell division to determine that cancerous cells must have been present in Shanna A.'s lungs in 2010. *Id.* While the ALJ found that Shanna A. had the medically determinable impairment of an ovarian cyst, the ALJ did not find that ovarian cancer was a medically determinable impairment prior to Shanna A.'s date last insured. Judge You found that the ALJ erred in not listing ovarian cancer as a medically determinable impairment because the metastases were identified by a CT scan, which is a "medically acceptable clinical diagnostic technique." F&R [31] at 4–5 (quoting

2 – OPINION AND ORDER

*Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005)). And, although Shanna A. was diagnosed in 2012, "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration conditions." *Id.* at 5 (quoting *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995)).

I agree with Judge You's finding that ovarian cancer could be a medically determinable impairment in 2010 based on the CT scan and diagnosis in 2012. The ALJ's error in failing to include this impairment was harmless, however, because the ALJ did not ignore any symptoms otherwise attributable to ovarian cancer. After evaluating all of Shanna A.'s symptoms, the ALJ determined that Shanna A. was not significantly limited in her ability to perform work-related activities. Although this error was harmless, upon remand the Commissioner should address whether ovarian cancer is a medically determinable impairment for the reasons given in the F&R.

Judge You also found that the ALJ erred by improperly discounting Shanna A.'s subjective symptom testimony. F&R [31] at 6–10. The ALJ concluded that Shanna A.'s testimony regarding the disabling effect of her abdominal pain was contradicted primarily by a failure to report sharp abdominal pain or seek aggressive medical treatment. Tr. 18. In particular, the ALJ noted that Shanna A. sought emergency medical care for severe abdominal pain in October 2010 but did not seek medical care for abdominal pain again prior to her date last insured. *Id.* I agree with Judge You's finding that the absence of a recurring severe pain is not inconsistent with Shanna A.'s testimony that she had a lesser degree of pain that was nonetheless debilitating. Because the ALJ did not provide a clear and convincing reason for discounting this testimony and instead found that Shanna A.'s abdominal pain presented "no more than minimal limitation in basic work activities," I agree with Judge You that remand is appropriate.

Judge You also assigned error to the ALJ's decision to discount Shanna A.'s testimony to the extent that it was premised solely on a lack of medical evidence. F&R [31] at 10. I agree that the ALJ cannot rely solely on lack of medical evidence to discount symptom testimony, but I disagree that the ALJ discounted portions of Shanna A.'s testimony based solely on a lack of medical evidence. When discussing Shanna A.'s testimony about her fatigue in October 2010, the ALJ stated that "the claimant often denied being fatigued until much later after her onset date." Tr. 18. This points to evidence contradicting testimony about fatigue, not a lack of evidence. The ALJ did not, however, cite to the record in support of the statement that Shanna A. denied being fatigued until much later after her onset date. Because a court may not affirm the ALJ on a grounds upon which the ALJ did not rely, the ALJ's lack of citation to contradictory evidence warrants remand. *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

The ALJ discounted the testimony of several of Shanna A.'s family members, citing inconsistencies with Shanna A.'s testimony. The ALJ also rejected the testimony of some family members because it conflicted with the medical record. Judge You found that the ALJ erred in discounting this testimony for the same reasons that she found the ALJ erred in discounting Shanna A.'s symptom testimony. F&R [31] at 22–23. I again agree with Judge You that Shanna A.'s failure to seek treatment for sharp abdominal pain after October 2010 is not necessarily inconsistent with the testimony of her family members that she suffered from disabling abdominal pain. But, for the reasons stated above, I also disagree with Judge You's finding that the ALJ's decision to discount witness testimony was based solely on a lack of medical evidence.

Because I agree with Judge You that the ALJ erred in discrediting testimony by Shanna A. and her family members, remand of this case is appropriate. But I disagree with Judge You's

finding that, on remand, the Commissioner is required to find that Shanna A. met the requirements for Listing 13.23, "Cancers of the Female Genital Tract," prior to her date last insured. F&R [31] at 16. This is a question that is appropriately addressed in the first instance by the Commissioner. Nor would the Commissioner be required to find Shanna A. disabled if her symptom testimony or the testimony of her family members were credited as true. Although the medical evidence in this case is voluminous, the ALJ's failure to cite to the medical record leaves room for development. Further proceedings will serve the purpose of identifying which portions of the record are inconsistent with the testimony that the ALJ rejected. Therefore, remand for further proceedings is appropriate. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

## CONCLUSION

For the reasons described above, I ADOPT the F&R [31] in part. The Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 15 day of March, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge